IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,793






ROOSEVELT SMITH, JR., Appellant



v.



THE STATE OF TEXAS





ON DIRECT APPEAL FROM CAUSE NO. 1045419


IN THE 263RD JUDICIAL DISTRICT COURT


HARRIS COUNTY





 Per Curiam.


ORDER



 The above-styled and numbered cause is pending before this Court as a result of
appellant's capital murder conviction and resulting sentence of death in the 263rd Judicial District
Court of Harris County, Cause No. 1045419, styled The State of Texas v. Roosevelt Smith, Jr. 
Appellant's counsel has filed a motion for an extension of time to file appellant's brief. He
asserts that this is the first guilt phase substantive issue that he has had the opportunity to raise in
a long time, and it has taken longer than anticipated. Counsel also asserts that he has been
extremely busy meeting his obligations in a number of other state and federal cases to which he
has been appointed.

 The Clerk's Record in this case was filed on December 7, 2007. The Reporter's Record
was filed January 7, 2008. Appellant's brief was originally due on February 6, 2008. On
February 14, 2008, more than a week after the day appellant's brief was due, appellant's counsel
filed a motion to extend the filing date of the brief. This Court granted an extension to July 7,
2008, with a warning that no further extensions would be entertained. On July 10, 2008, again
after the date his brief was due, counsel filed a motion to abate the appeal for the trial court to
file findings and conclusions. This Court denied the motion the same day.

 Counsel did not attempt to file an incomplete brief or another motion for extension at that
time. Instead, he waited yet another three-and-a-half weeks until August 4, 2008, to file his
motion to extend the filing deadline of appellant's already late brief. In a separate order issued
this day, appellant's counsel has been ordered to show cause for his failure to timely file a brief,
or be held in contempt.

 Meanwhile, the trial court is directed to prepare and file findings of fact and conclusions
of law as required by Article 38.22, section 6, regarding the voluntariness of appellant's
statement. The trial court clerk must then prepare, certify, and file in this Court a supplemental
clerk's record containing the findings and conclusions. The findings and conclusions are to be
made and the supplemental clerk's record is to be filed within 20 days of the date of this order. 
See Tex. R. App. P. 34.5(c). 

 IT IS SO ORDERED THIS THE 11th DAY OF AUGUST, 2008.